F. V. HALVERSTADT ET AL., APPELLANTS, V. FRED BERGER, APPELLEE.

FILED OCTOBER 5, 1904. No. 13,618.

Liquor License: APPEAL. A final order by a district court rendered upon appeal from an order of a village board, granting or refusing a license to sell intoxicating liquors, is not reviewable upon appeal by this court.

APPEAL from the district court for Dawson county: CHARLES L. GUTTERSON, JUDGE. *Dismissed.*

*H. D. Rhea,* for appellants.

*Warrington & Stewart, contra.*

AMES, C.

A village board overruled a remonstrance to a petition for a license to sell intoxicating liquors and granted the license. The remonstrators appealed to the district court, by whom the action of the board was approved and affirmed, and from this order an appeal was taken to this court, where it is objected that the proceeding is not reviewable by appeal. The question has never been decided here, but it was mentioned and a doubt expressed about it in *Livingston v. Corey,* 33 Neb. 366. There is no especial provision by statute for the review of such orders in this court, but by section 582 of the code it is enacted: "A judgment rendered or final order made by the district court, may be reversed, vacated or modified by the supreme court, for errors appearing on the record." It is quite clear that such a proceeding is not a "civil case" within the meaning of section 24, article I of the constitution, and if the question were deemed an open one, the writer would not hesitate to hold that a final order in such a proceeding is not reviewable in this court at all. The granting or refusal of a license to sell liquors is the exercise of a purely police regulation, involving no personal

or property right, and largely discretionary with the licensing authority; and the district judge, in deciding an appeal in such cases, performs an administrative rather than a judicial function. If the license is refused the applicant, in contemplation of law, loses nothing, and if it is granted he acquires a brief privilege, which will expire before the proceeding can be presented to this court for review, so that in any event this court can have before it nothing but a mooted question of no personal or pecuniary importance to the parties. But, however this may be, analogy with the decision of this court in *Nebraska Wesleyan University v. Craig's Estate,* 54 Neb. 173, is conclusive to the effect that the order complained of is not reviewable here by appeal, and it is therefore recommended that the appeal in this case be dismissed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the appeal in this case be

DISMISSED.