IN RE JOSEPH ADAMEK.

A. M. MUTTER ET AL., APPELLANTS, V. A. M. DANIELS, MAYOR, ET AL., APPELLEEES.

FILED OCTOBER 22, 1908. No. 15,276.

1. Intoxicating Liquors: LICENSE: APPEAL. Under the act of 1905 (laws 1905, ch. 174; code, secs. 675-675$d$), providing for appeals to the supreme court, the final order of a district court rendered upon appeal from an order of the city council granting a license to sell intoxicating liquors is reviewable in the supreme court on appeal.

2. ———: SALOONS: REGULATION: LIABILITY OF EMPLOYEE. A bartender or employee of a licensed saloon-keeper does not violate section 7179, Ann. St. 1907, making it a criminal offense for a vendor of intoxicating liquors to keep the windows and doors of his saloon obstructed by screens, blinds, etc., where such bartender or employee has had nothing whatever to do with the placing or maintaining of such screens, blinds, etc.

3. ———: SALES TO DRUNKARDS. It is a violation of the liquor laws of this state for a bartender or employee of a licensed liquor dealer to sell intoxicating liquor to an habitual drunkard.

4. ———: REFUSAL OF LICENSE. It is the duty of a licensing board to refuse a license if the evidence establishes that the applicant, during the past year, while employed as a bartender, sold intoxicating liquors to an habitual drunkard.

APPEAL from the district court for Valley county: JAMES N. PAUL, JUDGE. Reversed.

A. G. Wolfenbarger and R. L. Staple, for appellants.

Clements Bros. and A. Norman, contra.

EPPERSON, C.

Joseph Adamek applied to the mayor and council of the city of Ord for a license to vend intoxicating liquors

in said city for the municipal year 1907. A. M. Mutter and others remonstrated against the issuance of a license, and, among other things, charged in the remonstrance that the applicant for himself, and as bartender and servant of W. F. Adamek, within the space of one year, had been guilty of allowing and permitting the windows and doors of the saloon in which he was employed and doing business to be obstructed with blinds, screens and other devices, so as to obstruct and prevent a view from the street into the saloon; that said applicant for himself, and as bartender for the said W. F. Adamek, had been guilty of selling intoxicating liquors on the 2d day of April, 1907, that being the day of the general municipal election held within the city of Ord; and that said applicant had, within the space of one year, been guilty of selling intoxicating liquors to habitual drunkards. A hearing was had before the city council, resulting in the overruling of the remonstrance and granting of the license as prayed. The remonstrators appealed to the district court, where the action of the city council was sustained, and the remonstrators have appealed to this court.

We are confronted, on the threshold of this case, with the question as to whether or not this court by appeal can review the judgment of the district court. The appellees contend that cases of this character are not appealable, and may only be brought here by petition in error. In *Halverstadt v. Berger,* 72 Neb. 462, it was held that a final order by a district court, rendered upon appeal from an order of a village board granting or refusing a license to sell intoxicating liquors, is not reviewable on appeal in this court. Appellants, however, contend that this ruling is no longer applicable, in view of the statutory change in procedure in which cases are reviewed in this court. The effect of the former decision was that the case could only be reviewed under section 582 of the code, as it then existed. In 1905 the legislature passed an act to provide for appeals to the supreme court in all cases, except criminal

32

cases, and repealed certain sections of the code as then existing. Section 1 of that act provides in part as follows: "The proceedings to obtain a reversal, vacation or modification of judgments and decrees rendered or final orders made by the district court, except judgments and sentences upon conviction for felonies and misdemeanors under the criminal code of this state, shall be by filing in the supreme court a transcript * * * within six months from the rendition of such judgment or decree or the making of such final order." Code, sec. 675. The following section provides that the party seeking the reversal, vacation or modification of the judgment, decree or final order shall be designated as appellant, and the adverse party the appellee. It seems clear that these provisions of the statute are applicable to cases of this character, and that such cases are now reviewable in this court on appeal.

It is unnecessary to determine whether or not a city election is a general election within the meaning of section 7164, Ann. St. 1907, as the judgment must be reversed for other reasons. And, again, the evidence of the sale made on election day is not clear and convincing, and not such as would call for a reversal of the judgment. The saloon was open on election day, but this is not forbidden. No witness testified that applicant sold intoxicating drinks that day. One witness, who observed him from without the saloon, testified relative to a drink sold by applicant, in substance, that from all appearances, and from what he knew about beer, it was beer. It was not shown that the witness was sufficiently familiar with intoxicants to make him a good witness on this point, and his testimony in this regard must be taken as mere expressions of opinion.

The record discloses that during the previous year the applicant was employed as a bartender in the saloon of a liquor licensee, his brother, W. F. Adamek, in the city of Ord, and that he, in his employer's place of business, sold intoxicating liquors to an habitual drunkard, and that in

the saloon where applicant was employed screens had been kept and maintained in such a manner as to obstruct the view into the saloon. Remonstrators contend that the city council, under the evidence adduced, had no discretion in the matter, and was by law required to refuse the license. Section 7152, Ann. St. 1907, requires the licensing board to refuse to grant a license if it shall be satisfactorily proved that the applicant has been guilty of the violation of any of the provisions of the act within the space of one year. But the applicant contends that the provisions of the liquor license act do not require an employee to see that the doors and windows of the saloon are kept free from screens or other obstructions, and that the sale of intoxicating liquor to an habitual drunkard by the employee of a licensee does not violate any of the provisions of the act. Section 7179, Ann. St. 1907, makes it a criminal offense for a vendor of intoxicating liquors to keep the windows and doors of his place of business obstructed by screens, blinds or other articles. It does not appear from the evidence that applicant while a bartender placed or caused to be placed any screens or obstructions, or that he had anything to do with placing or maintaining them. We do not think it can be said that any employee of a saloon-keeper, who works in or around a saloon, can be said to be guilty of a violation of this section of the statute by reason of the fact that screens are maintained there in violation of the law. If a bartender or employee of a licensed saloon-keeper may be guilty of a violation of this section at all, it would be necessary that such a bartender or employee should actively participate in placing or maintaining, or causing to be placed or maintained, the screens or other obstructions. We are of the opinion that under the evidence the council was not divested of discretion to grant a license because of the fact that screens were maintained in violation of law in the saloon where applicant worked as bartender.

Section 7159 reads as follows: "Every person so licensed who shall sell any intoxicating liquor to any In-

dian, insane person, or idiot, or habitual drunkard shall forfeit and pay for each offense the sum of fifty dollars." This section provides a penalty for the violation thereof by the licensee. It provides no penalty for a sale to one in the prohibited classes by an employee of a licensee, but it does not necessarily follow that an employee can sell intoxicating liquors to an habitual drunkard or to any one in the prohibited classes without violating the act. Section 7161 makes it a misdemeanor for any person to sell intoxicating liquor without first having obtained a license as provided. Thus we see that by the act it is made unlawful for any person whomsoever to sell intoxicating liquors to an habitual drunkard. It would indeed be unfortunate if our statutes permit the employee of a licensee to sell intoxicating liquors to Indians, insane persons, idiots and habitual drunkards. The mere fact that the act nowhere provides a penalty specially applicable to employees does not make the act of selling to such persons a legal one. It is contrary, not only to the spirit, but the letter, of the law. An employee cannot hide behind the license of his employer by doing an act which his employer was not authorized to do. There are numerous decisions to the effect that in criminal prosecutions, under statutes similar to section 7159, *supra*, it must be shown that the accused was a licensed liquor dealer. Those decisions, so far as we have been able to observe, are right, but they are not applicable to the case at bar. In order that a licensing board is required to refuse an application for license, it is unnecessary that they should find that the applicant has violated a penal statute which may be found within the provisions of the act, but it is sufficient if the evidence discloses that the applicant has violated any of the provisions of the act, although a penalty may not be imposed. The pertinent inquiry is not whether the applicant could have been punished criminally for the act relied upon by the remonstrators, but rather is: Was the act a violation of the liquor law? A violation of a law is the doing of some act which the law forbids. A bartender

cannot legally make a sale which his employer was forbidden to make.

We therefore recommend that the judgment of the district court be reversed. Time has canceled the license illegally issued.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

REVERSED.