JOHN HEESCH, APPELLEE, v. BENJAMIN T. SNYDER ET AL.,
APPELLANTS.

FILED JANUARY 20, 1910. No. 15,891.

Intoxicating Liquors: APPEAL: DISMISSAL. The supreme court may
on its own motion dismiss remonstrators' appeal from a district
court's order sustaining a saloon-keeper's license, where the
record shows that the term for which the license was issued
has expired, and that during its existence appellants made no
motion to advance the case for determination.

APPEAL from the district court for Sherman county:
BRUNO O. HOSTETLER, JUDGE. *Appeal dismissed.*

*Aaron Wall* and *Thomas Darnall,* for appellants.

*R. J. Nightingale, contra.*

PER CURIAM.

John Heesch, appellee, procured from Loup City a
license to sell intoxicating liquors during the municipal
year beginning in May, 1908. Benjamin T. Snyder and
others were remonstrators, and, when defeated before the
city council, appealed from the order granting the license
to the district court, where the license was upheld. They
subsequently appealed to this court, and here renew the
attack made by them below on the issuance of the license.
On the face of the record it appears that the period for
which the license was issued has long since expired. It
follows that mooted questions only are presented for con-
sideration. *Halverstadt v. Berger,* 72 Neb. 462. As was
held in *Cutcomp v. Utt,* 60 Ia. 156: "Courts are not or-
ganized to determine mere abstractions, and will refuse,
on their own motion, to proceed in a cause which in-
volves only a right which has ceased to exist." *Mills v.
Green,* 159 U. S. 651; *Chicago, R. I. & P. R. Co. v. Dey,*
76 Ia. 278; *Matter of Manning,* 139 N. Y. 446; *People v.
Common Council,* 82 N. Y. 575. The rule stated will be

applied herein, since the record shows that appellants made no motion in this court to advance the case for determination during the existence of the license.

APPEAL DISMISSED.