WILLIAM McCARTER, APPELLANT, V. ED A. LAVERY, COUNTY COMMISSIONER, APPELLEE.

FILED NOVEMBER 3, 1917. No. 19679.

1. **Appeal: Dismissal: Extrinsic Evidence.** An appeal by the plaintiff may be dismissed, where, during its pendency, without any fault of the defendant, an event occurs to prevent the appellate court

from granting plaintiff any effectual relief in case of a decision in his favor, and an event of that nature may be shown by extrinsic evidence.

2. ———: ———: ———. An appeal by a taxpayer from a dismissal of his suit to oust a county commissioner for misdemeanors in office may be dismissed, where it is shown that the official term of defendant expired pending the appeal, that another holds the office, that no effort was made to advance the appeal for a hearing during the incumbency of defendant, and that he did not prevent an early hearing.

APPEAL from the district court for Dawson county: HANSON M. GRIMES, JUDGE. *Appeal dismissed.*

*Niles E. Olsen, I. J. Nisley* and *Wilcox & Halligan,* for appellant.

*J. B. Strode, D. H. Moulds, W. A. Stewart, T. M. Hewitt, H. D. Rhea* and *E. A. Cook, contra.*

ROSE, J.

This is a proceeding by a taxpayer to remove from office a county commissioner of Dawson county "for corruption" and "for wilful maladministration"—two statutory grounds. Rev. St. 1913, sec. 5698. Approval of excessive claims against the county and misconduct resulting in their allowance and payment are the foundations of plaintiff's charges. From a dismissal of the proceeding after a trial on the merits, plaintiff has appealed.

The appeal will not be determined. The purpose of the proceeding is to oust defendant from office. His term has long since expired and the office is now occupied by his successor. No effort to advance the appeal for a decision during the incumbency of defendant was made. The delay is not attributable to him. He made a successful defense in the trial court. Being out of office he cannot now be removed therefrom. His retirement at the expiration of his official term pending the appeal was an event making it impossible for the appellate court to grant plaintiff any effectual relief on the cause of action pleaded. That event is a ground for dismissing the

appeal, and, when not appearing on the record, may be shown by extrinsic evidence. *Mills v. Green*, 159 U. S. 651. The change in officers is asserted by defendant, and not denied. Courts properly decline to express an opinion on a mere abstraction, and may act on their own motion in dismissing an appeal involving only an inquiry of that nature. *Heesch v. Snyder*, 85 Neb. 778.

APPEAL DISMISSED.