DODGE AGRICULTURAL CREDIT ASSOCIATION, APPELLANT, V.
LILY C. TIGHE ET AL., APPELLEES.

FILED JUNE 29, 1931. No. 27161.

*George W. Wertz* and *H. R. Ellenberger,* for appellant.

*North & O'Reilly, W. M. Hopewell* and *Orville Chatt,* contra.

Heard before ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ., and HORTH, District Judge.

ROSE, J.

The Dodge Agricultural Credit Association, plaintiff, brought this suit to foreclose a mortgage on a tract of land in Burt county. Lily C. Tighe one of the defendants, interposed an answer and a cross-petition containing pleas that she was induced by false representations to purchase capital stock of plaintiff and that plaintiff was insolvent and was mismanaging its business and property and praying for the appointment of a receiver for plaintiff. A receiver was appointed and he took charge of the property and affairs of plaintiff under an order of the district court. From this order plaintiff appealed.

On appeal it is argued by plaintiff that the district court was without jurisdiction to appoint a receiver and that there was no ground for the appointment made. The record shows that plaintiff was subsequently adjudged a bankrupt in the United States court for the district of Nebraska and that the receiver appointed by the state

court was superseded by a duly appointed trustee in bankruptcy. The powers of the receiver under his appointment, therefore, were terminated. Consequently, a moot case only is presented for review. Rulings on the questions argued would not afford plaintiff any effectual relief. An appellate court may properly decline to express an opinion on a mere abstraction or to determine a moot case and may act on its own motion in dismissing an appeal involving only an inquiry of that nature. *McCarter v. Lavery,* 101 Neb. 748; 4 C. J. 575; *Heesch v. Snyder,* 85 Neb. 778; *Brown v. Buckley,* 86 Neb. 572; *Deines v. Schwind,* 89 Neb. 122; *Mills v. Green,* 159 U. S. 651.

On appeal the mere matter of costs does not necessarily require a decision on the merits of a case which has become moot. A law text states:

"Some cases hold that an appeal in a case which has become moot will not be retained merely for the purpose of determining the question of costs." 4 C. J. 577.

This view was taken in a former opinion. *State v. Trainor,* 91 Neb. 848.

APPEAL DISMISSED.