SIDNEY R. HENDERSON, APPELLANT, V. THE SCHOOL DISTRICT OF SCOTTSBLUFF, IN THE COUNTY OF SCOTTS BLUFF, IN THE STATE OF NEBRASKA, ET AL., APPELLEES.

173 N. W. 2d 32

Filed December 12, 1969. No. 37291.

Kutak, Rock, Campbell & Peters, for appellant.

Clarence A. H. Meyer, Attorney General, Harold Mosher, Lovell & Raymond, and Robert O. Hippe, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

Plaintiff, a teacher in the Scottsbluff, Nebraska, public schools, entered into a contract to teach again during the 1967-68 school year. He later received an opportunity to enter into a business and on August 11, 1967, resigned his teaching position. Complaint was made to the State Board of Education that plaintiff had violated his contract. After hearing on the complaint, plaintiff's teaching certificate was suspended for 1 year commencing December 8, 1967. An appeal was taken but no effort made to supersede the order or have it set for immediate hearing in the district court. The case was heard on December 12, 1968, and dismissed as moot. We affirm the judgment of the district court.

Section 79-1252, R. R. S. 1943, specifically authorizes the State Board of Education to suspend a teacher's certificate for not to exceed 1 year if, after hearing, it is determined that the teacher has violated his contract without just cause. The plaintiff does not dispute the facts stated above, but on the contrary, admits their truth.

At the time of the hearing in the district court, the 1-year period of suspension had elapsed. It was impossible for the court to undo what had already transpired or to give plaintiff any effective relief from the order of suspension. From this standpoint, the case was definitely moot. He insists, however, that he is entitled to a determination of the case on its merits on the theory that he will continue to be adversely affected by the suspension. In this regard he states that it will limit future opportunities to pursue his profession.

We are not inclined to agree with him on this proposition. He admits that he violated his contract and it is this fact, rather than an administrative decision thereon, that might have such a limiting effect. No action of the court could serve to nullify that act or remedy the consequences stemming from it. The criminal cases cited by plaintiff are not in point. When a defendant in a criminal action denies guilt, he is presumed innocent until

finally adjudged to be guilty. If he has served his sentence before his case is heard on appeal, he is still entitled to have his guilt or innocence determined in the hope of removing the stigma attached to the conviction and regaining the civil rights of which he has been deprived. In McFarland v. State, 165 Neb. 487, 86 N. W. 2d 182, the court stated: "In view of what has already been said of civil and criminal contempt, and the purposes thereof, it is self evident that no issue remains to be decided here. Nothing could be gained by our holding that the commitment was improper for respondent is no longer in jail. He has not been found guilty of criminal contempt, in which case he would be entitled to have his conviction reviewed." The present case is akin to one in which a defendant voluntarily pleads guilty and then later insists that his conviction should be set aside on the sole ground that it tends to limit his opportunities for gainful employment. It is not the fact of his conviction, but rather the fact of his guilt, that is damaging. Here the plaintiff does not deny a willful contract violation, but, in effect, pleads guilty to it.

Plaintiff had the opportunity to obtain a determination of his appeal to the district court on its merits, but failed to take steps to bring this about. He sat back and permitted the period of suspension to run before securing a hearing. Under such circumstances, he cannot meritoriously complain of the finding by the court that the case is now moot. See McCarter v. Lavery, 101 Neb. 748, 164 N. W. 1054.

"An appellate court may properly decline to express an opinion on a mere abstraction or to determine a moot case * * *." Dodge Agricultural Credit Assn. v. Tighe, 121 Neb. 458, 237 N. W. 404.

The judgment of the district court dismissing plaintiff's cause of action could not in any event have been prejudicial to plaintiff. Plaintiff appealed from the decision of the State Board of Education under the provisions contained in section 84-917, R. R. S. 1943, and in

taking the appeal demanded and obtained the inclusion in the trancsript on appeal of the evidence adduced at the hearing before the State Board of Education. This evidence is also included in the transcript on appeal to this court. It discloses that the plaintiff testified at the hearing and personally verified the fact of his resignation as a teacher on August 11, 1967, for the reason that he wished to enter into a local business. "Just cause" for a contract violation as contemplated by the statute means a legal or lawful ground for such action. The fact that plaintiff wished to enter some other field of endeavor does not constitute a legal or lawful reason for the violation of his contract. It is therefore apparent that plaintiff is not entitled to any relief as a matter of law. "A judgment will not ordinarily be reversed where the complaining party would not be entitled to succeed in any event." Swink v. Smith, 173 Neb. 423, 113 N. W. 2d 515.

The judgment of the district court is affirmed.

AFFIRMED.

McCOWN and SMITH, JJ., dissenting.

The majority opinion holds that a proceeding to suspend a teacher's certificate becomes moot on appeal when the period of suspension has elapsed and, at least in the absence of a supersedeas, justifies a denial of judicial review and a dismissal.

Any person *aggrieved* by a final administrative decision in a contested case is entitled to judicial review in the district court. The district court may affirm, remand, reverse, or modify the decision if the *substantial rights* of the petitioner may have been *prejudiced*. The review is a de novo proceeding and "in view of the entire record as made on review;". See § 84-917, R. R. S. 1943.

All of the requirements for review on appeal were complied with by the plaintiff within the time and in the manner specified. A supersedeas to stay enforce-

ment is not required by the statute, but is authorized on such terms as may be deemed proper.

The result of the majority opinion now is that except where the order of the administrative agency is superseded before the period of suspension has run, judicial review provided for by the statute will be denied unless the case is heard and decided on appeal before the period of suspension ends. That result also charges the plaintiff with all responsibility for any delay in the district court between the date of filing the petition on appeal and bringing the case to hearing and decision.

Section 84-917, R. R. S. 1943, specifically gives a plaintiff 30 days in which to institute proceedings for review. It is quite obvious, as a practical matter, that the majority holding here denies judicial review of virtually any license suspension which is short in duration. Where an order of the administrative agency does not itself contain a stay of enforcement, an "aggrieved" plaintiff ordinarily would be foreclosed from supersedeas, and, consequently, from judicial review even before the statutory time required to institute the review proceedings. If it be said that the court would grant judicial review if a plaintiff had no reasonable opportunity to obtain a supersedeas before the suspension expired, then it must be conceded that the expiration of a period of suspension does not terminate the prejudice and injury, nor the right of review.

The basic assumption undergirding the majority opinion is that a plaintiff, whose license to practice his profession is suspended, is "aggrieved" or "prejudiced" only during the time the suspension is in effect. The permanent record of that suspension and its continuing effect on his name and reputation in his profession, both now and in the future, are disregarded.

In some criminal cases, courts have recognized and protected an individual's interest in his name and reputation. In State v. Superior Court of Maricopa County, 93 Ariz. 351, 380 P. 2d 1009, the court said: ". . . the

law recognizes and protects an individual's interest in his reputation and it would be absurdly inconsistent to dismiss as moot a proceeding initiated to clear one's name of the stigma and infamy of an alleged erroneous conviction on a criminal charge."

The majority opinion attempts to distinguish such criminal cases by stating that the present case is akin to one in which a defendant voluntarily pleads guilty. Yet this was a contested case before the administrative agency, vigorously resisted by the plaintiff who duly and regularly appealed within the time required. To reach a determination that the plaintiff pleaded "guilty"; or that he did not have just cause for a contract violation; or that he is not entitled to any relief as a matter of law, required the majority to review the transcript of evidence before the State Board of Education. That review is then used to determine that the plaintiff had no right to judicial review and that he was not prejudiced. In any event, whatever review was made by the majority ignores the statute which specifically requires a trial de novo in the district court, and that the decision on appeal be made in view of the entire record "as made on review." Here the district court made no record on review in a trial de novo but dismissed the case as moot which judgment the majority opinion now affirms.

The question here is not a question of whether the State Board of Education was or was not correct, but it is whether or not the plaintiff is entitled to a judicial review of the action of the state board. To deny that judicial review on the ground that no one will continue to be injured after the expiration of a period of suspension of his license to pursue a particular profession is to deny that an individual's record and reputation in a profession are of any value.

In 1896, Mr. Justice Holmes said in a criminal case: "We should be slow to suppose that the Legislature meant to take away the right to undo the disgrace and

legal discredit of a conviction . . . merely because a wrongly convicted person has paid his fine or served his term." See Commonwealth v. Fleckner, 167 Mass. 13, 44 N. E. 1053.

Applying that principle to the suspension of a license to practice a profession, the language may be paraphrased. We should be slow to suppose that the Legislature meant to take away the right to undo the adverse effects upon the plaintiff now and in the future resulting from a suspension of a license to practice a profession, merely because the period of the suspension has already run.

In our view the plaintiff was aggrieved or prejudiced by the order of suspension within the meaning of section 84-917, R. R. S. 1943, sufficiently to entitle him to his day in court.