JAMES VERVERKA, APPELLEE, V. WILLIAM P. FULLMERS ET AL., APPELLANTS.

FILED DECEMBER 17, 1908. No. 15,377.

Appeal: DISMISSAL. Courts are not organized to determine mere abstractions, and will ordinarily refuse, on their own motion, to proceed in a case which involves only a right which has ceased to exist. In the instant case, in view of the fact that this court has heretofore entertained and determined appeals taken by the parties in interest from the judgment of a district court allowing or refusing a license for the sale of intoxicating liquor, we have ignored the rule above referred to, and examined the record and briefs of the several parties and the evidence

contained in the bill of exceptions, and find no legal questions presented not heretofore determined, and the judgment of the district court fully supported by the evidence.

APPEAL from the district court for Jefferson county: WILLIAM H. KELLIGAR, JUDGE. *Affirmed.*

*W. J. Moss,* for appellants.

*John C. Hartigan* and *W. H. Barnes, contra.*

DUFFIE, C.

This is an appeal from the judgment of the district court for Jefferson county, entered on the 16th day of July, 1907, affirming the action of the village board of the village of Daykin in granting a license to appellee to sell malt, spirituous and vinous liquors in said village for the remainder of the municipal year of 1907. The municipal year for which the license was granted expired on the first Tuesday of May, 1908. This being the case, any decision which we might render would not affect the parties. The appellee's license has expired, and no- further rights under it can be claimed. Time has accomplished all that the remonstrator could ask of the court. It has canceled the appellee's license. In this condition of the case, we think the appeal should be dismissed. Courts are not organized to determine mere abstractions, and will refuse, on their own motion, to proceed in a case which involves only a right which has ceased to exist. *Outcomp v. Utt,* 60 Ia. 156. As said by Judge Day in *State v. Porter,* 58 Ia. 19: "The court ought not to be required to spend its time in the accumulation of a bill of costs, for no other purpose than that of determining which party should pay them." Notwithstanding this view of the case, we have examined a voluminous record, and find no legal questions presented for our determination that have not already been decided in former cases. The rights of the parties depend wholly upon questions of

fact, which, we think, were correctly decided by the district court.

We recommend an affirmance of the judgment.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.