HENRY DEINES, APPELLANT, V. HENRY SCHWIND ET AL., APPELLEES.

FILED APRIL 24, 1911. No. 16,420.

**Appeal: MOOT QUESTION.** Where, on the hearing of an appeal, it is disclosed that the record presents nothing but a moot question for the determination of the supreme court, ordinarily the proceeding will be dismissed or the judgment of the district court will be affirmed.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Dismissed.*

*George W. Berge,* for appellant.

*Harry A. Reese, contra.*

BARNES, J.

This is an appeal from a judgment of the district court for Lancaster county in a proceeding where an application for a writ of habeas corpus was denied.

It appears that in 1893 the wife of the relator departed this life leaving two children and the relator surviving her. The youngest child, a girl, was at that time only three days' old. Certain informal proceedings were had by which the respondents adopted this child, took her to their home, and from thence to the present time have treated her as their own daughter. The relator has never contributed anything to her support, maintenance or education; and, although all of the parties have lived continuously in this state, relator had seen this child but twice in the 16 years prior to the commencement of this action. He claims to have made this application to obtain possession of his daughter because her education has been neglected. It appears, however, that the respondents have not been neglectful of their duty in that matter, but on the contrary have sent her to school and endeavored to give her an education suitable to her station

in life.   It further appears that an illness which she suffered in her infancy so impaired her memory as to make all of their efforts of little or no avail.   She appears to be able to assist her foster mother in the work about the house; she is in good physical health, is well cared for, is happy and contented, and desires to remain with her foster parents.   It also appears that she is now more than 18 years of age, and, having arrived at her majority, is entitled to exercise her own choice and determine her abiding place for herself.

The record thus presents only a moot question for our determination.   For this reason, we decline to further consider the questions presented by the record, and the proceeding is

DISMISSED.

REESE, C. J., and SEDGWICK, J., not sitting.