STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, v. DUNBAR STATE BANK: E. J. DEMPSTER, RECEIVER, APPELLANT: HENRY G. SEYFER ET AL., INTERVENERS, APPELLEES.

FILED APRIL 11, 1930.   No. 26978.

*C. M. Skiles, I. D. Beynon* and *Albert S. Johnston,* for appellant.

*Paul Jessen, Pitzer & Tyler* and *D. W. Livingston, contra.*

HEARD before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY and DAY, JJ., and LANDIS, District Judge.

ROSE, J.

This is a controversy between creditors of an insolvent state bank and the receiver over the allowance of a claim.

In a proceeding by the state of Nebraska to wind up the affairs of the Dunbar State Bank, Henry G. Seyfer, James Murray, Earl Seyfer and H. S. Westbrook intervened, filed a claim for $5,000 and pleaded a preference requiring payment out of funds in the hands of the receiver, if sufficient, but, if insufficient, demanding payment of the remainder out of the bank guaranty fund. The receiver contested the claim. Upon a trial of the issues raised by the pleadings, the district court ordered the receiver to pay interveners $1,100 out of bank assets or funds in his hands and allowed the remainder, or $3,900, as a claim against the bank guaranty fund. The receiver appealed to the supreme court, where the judgment of the district court was affirmed. *State v. Dunbar State Bank,* 230 N. W. 99.*

* Note—Opinion withdrawn, and judgment of affirmance adhered to in opinion reported in *State v. Dunbar State Bank,* 120 Neb. ——.

Before the transcript of the proceedings below was filed in the supreme court, however, interveners presented to the district court in the same case a motion for the immediate payment of the $1,100, as allowed, on the grounds that the receiver failed to supersede the original judgment within the time required by law and that he had not obtained permission to appeal. This motion was sustained by the district court and, from the order requiring such payment, the receiver perfected a second appeal, which is the only one now under consideration, the original judgment having been affirmed as stated.

In the supreme court interveners presented a motion to dismiss the second or present appeal on the grounds that permission to take it had not been granted by the trial court and that the original judgment had not been superseded. This latter motion was overruled by the supreme court with a view to a subsequent inquiry into the merits of the second appeal. Prior to the affirmance of the original judgment on the first appeal, the questions raised on the merits of the second appeal were argued and submitted but not determined.

The record now shows that the affirmance and the opinion upon the first appeal will prevent the receiver from obtaining any relief upon the second or present appeal. Nothing but moot questions remain undetermined. The controlling principle on the record as it now stands has been stated as follows:

"Courts properly decline to express an opinion on a mere abstraction, and may act on their own motion in dismissing an appeal involving only an inquiry of that nature." *McCarter v. Lavery*, 101 Neb. 748.

See, also, *Ververka v. Fullmers*, 83 Neb. 6; *Heesch v. Snyder*, 85 Neb. 778; *Brown v. Buckley*, 86 Neb. 572; *Deines v. Schwind*, 89 Neb. 122; *State v. Trainor*, 91 Neb. 848; *State v. Armstrong*, 94 Neb. 592; *Schlanbusch v. Schlanbusch*, 103 Neb. 588.

The questions argued in the supreme court upon the motion in the second appeal and upon the merits thereof, hav-

ing become moot questions, will not now be determined. The former order overruling that motion is therefore vacated and the second or present appeal dismissed at the costs of the receiver.

APPEAL DISMISSED.