JOSEPH E. HALLER, APPELLANT, V. CHILES, HEIDER & CO., INC., A CORPORATION, ET AL., APPELLEES.

JOSEPH E. HALLER, APPELLANT, V. CHILES, HEIDER & CO., INC., A NEBRASKA CORPORATION, ET AL., APPELLEES.

252 N. W. 2d 157

Filed April 6, 1977. Nos. 40903, 40984.

D. C. Bradford, III, and Richard Lee Angell of Bradford & Coenen, for appellant.

James M. Bausch of Cline, Williams, Wright, Johnson & Oldfather, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

These are successor cases to Haller v. Chiles, Heider & Co., Inc., 195 Neb. 65, 236 N. W. 2d 822 (1975). In order to understand the context of the present cases, it is necessary to review briefly the previous case.

Plaintiff Joseph E. Haller was an employee and stockholder in the defendant Chiles, Heider & Co., Inc. A provision in the articles of incorporation provided that the defendant corporation was granted an option to purchase the stock of an employee who ceased to be active in the corporation. The option was exercisable within 60 days of the effective day of the leaving. The plaintiff Joseph E. Haller left the corporation on December 31, 1973. A dispute then arose as to whether the defendant corporation properly exercised the option to purchase, causing Haller to file a lawsuit against the defendant corporation. In that case we determined that by letter of January 28, 1974, the defendant Chiles, Heider & Co., Inc., exercised its option to purchase the shares of stock for the total sum of $176,120, reversing the judgment of the trial court which had held that the option had not been effectively exercised. Related to that dispute was the attempted establishment of a reserve by the defendant Chiles, Heider & Co., Inc., for contingent liabilities. This court held that the reserve was not properly established since the option had been exercised for the total sum of $176,120 and Joseph E. Haller had been notified of the exercise prior to the information being discovered that a contingency reserve may have been necessary.

The opinion was filed by this court on December

24, 1975. On January 30, 1976, the trial judge entered judgment on the mandate. On that date the plaintiff Joseph E. Haller tendered to the defendant Chiles, Heider & Co., Inc., a certificate representing the 40,000 shares of capital stock and payment of the judgment was made by Chiles, Heider & Co., Inc., to Haller and acknowledged by him. Haller did not ask for interest either in the original action or after the mandate was filed.

Case No. 40903 is an action filed April 3, 1975, while Haller v. Chiles, Heider & Co., Inc., *supra,* was on appeal to this court. In his petition the plaintiff alleged that he was a stockholder of the defendant Chiles, Heider & Co., Inc., that he had made demand for inspection of the books and records of the defendant corporation pursuant to section 21-2050, R. R. S. 1943, and that the demand was refused. He prayed the court to compel the defendant corporation to allow the inspection. The case arose for trial after our opinion of December 24, 1975. The trial court sustained a motion for summary judgment on the ground that the issue was moot. We agree. The exhibits introduced in support of the motion for summary judgment show the judgment on the mandate entered January 30, 1976, the tendering of the 40,000 shares of stock, and the payment and acceptance of the total judgment price. Any issue of the ownership and any rights that may have heretofore existed between the plaintiff and defendant corporation ceased finally on January 30, 1976. This court will not discuss or decide moot issues. The judgment of the District Court should be affirmed. See, McFarland v. State, 165 Neb. 487, 86 N. W. 2d 182 (1957); Deines v. Schwind, 89 Neb. 122, 130 N. W. 1051 (1911).

Case No. 40984, an action filed April 3, 1975, is a companion case to No. 40903. This action was also based on section 21-2050, R. R. S. 1943, which provides in part: "Any officer or agent who, or a corporation which, shall refuse to allow any such share-

holder * * * to examine and make extracts from its books and records of accounts, * * * shall be liable to such shareholder * * * in a penalty of ten per cent of the value of the shares owned by such shareholder, * * * in addition to any other damages or remedy afforded him by law.'' The plaintiff alleged a refusal of inspection and prayed for damages. The trial court sustained the defendants' motion for summary judgment holding that the plaintiff was not a stockholder on the date of the demand for inspection and therefore was not eligible to collect any penalties. We agree. In the previous opinion this court determined that the option was properly exercised and that from December 31, 1973, the plaintiff Joseph E. Haller had sold his shares to the defendant corporation. A dispute existed not over the total price but only to the propriety or the amount of a proposed reserve contingency fund. The effect of this court's opinion of December 24, 1975, was that the owner of the shares of the corporation as of December 31, 1973, was the defendant Chiles, Heider & Co., Inc. The plaintiff then was entitled to be paid for the shares. The trial court was correct in determining that as of the date of demand in April 1975, the plaintiff was not a shareholder in Chiles, Heider & Co., Inc., and was not eligible under the statute to collect damages. Plaintiff here suggests that if he is not entitled to the statutory penalty then he is entitled to interest on the original purchase price. No interest was prayed for in either of the two cases now before us. The appropriate vehicle for the recovery of interest was the original case.

The judgment of the District Court is affirmed.

AFFIRMED.