CITY OF CRETE, NEBRASKA, A MUNICIPAL CORPORATION, APPELLANT, V. COUNTY OF SALINE, NEBRASKA, ET AL., APPELLEES.

332 N.W.2d 926

Filed April 29, 1983. No. 82-325.

Steven J. Reisdorff, City Attorney, for appellant.

J. Patrick McArdle of Steinacher & Vosoba, and Robert H. Conner, Saline County Attorney, for appellees.

KRIVOSHA, C.J., WHITE, CAPORALE, and SHANAHAN, JJ., and EMPSON, D.J.

KRIVOSHA, C.J.

The City of Crete, a municipal corporation, appeals from a judgment entered by the District Court for Saline County, Nebraska, finding that the city was not exercising zoning jurisdiction over a tract of land located outside the city limits of the city but within 1 mile, pursuant to the provisions of Neb. Rev. Stat. § 19-2501 (Reissue 1977). The record discloses that in December of 1976 various owners of land located outside the city limits of the city filed an application with the county requesting that the county designate the tract of land, consisting of some 21.64 acres, as an industrial area, pursuant to § 19-2501. A hearing was had by the county at a reg-

ular meeting on January 18, 1977. A certificate was presented to the county, signed by the Crete city clerk, certifying that the city was not presently exercising zoning jurisdiction over any area outside the city limits, including the area for which the industrial area designation was being sought.

After considering the evidence the county passed a resolution finding that the tract of land designated in the application was suitable for use as an industrial area; that it was a contiguous tract of land containing 20 acres or more of which no part was within the boundaries of any incorporated city or village; that proper notice had been given of the hearing; that the city had not been exercising zoning control outside its corporate limits; that the city had not complied with the provisions of article 9 of Chapter 19 of the statutes of Nebraska, as amended, regarding the designation of the area outside the corporate limits of the city into zoning districts; and that the area should be and was ordered and designated as an industrial area.

Thereafter, on February 8, 1977, the city filed a petition in the District Court seeking an injunction and declaratory judgment against the county and the industrial tract owners. The single issue decided was whether the county could designate this area an industrial area, pursuant to § 19-2501. As we have already indicated, the trial court found in favor of the county and against the city.

During the course of oral argument before this court, the parties advised the court that in 1982, and subsequent to the filing of this suit, the county withdrew its designation of the land as an industrial area. A lawsuit has been filed as a result of that action, and trial is now pending before the District Court. It is apparent from the statements made to this court that the issues involved in the instant case have now become moot and this court is without the ability to grant any relief to the city other than to render an advisory opinion. This the court has tra-

ditionally been unwilling to do. In *State ex rel. Spillman v. Dunbar State Bank*, 119 Neb. 571, 572, 230 N.W. 452 (1930), we said: " 'Courts properly decline to express an opinion on a mere abstraction, and may act on their own motion in dismissing an appeal involving only an inquiry of that nature.' " And, likewise, in *Henderson v. School Dist. of Scottsbluff*, 184 Neb. 858, 860, 173 N.W.2d 32, 34 (1969), we said: " 'An appellate court may properly decline to express an opinion on a mere abstraction or to determine a moot case * * *.' " For other cases similarly holding, see *Deines v. Schwind*, 89 Neb. 122, 130 N.W. 1051 (1911); *McCarter v. Lavery*, 101 Neb. 748, 164 N.W. 1054 (1917); *State v. Trainor*, 91 Neb. 848, 137 N.W. 876 (1912). The issues sought to be resolved by the city will undoubtedly be presented in the case presently pending in the District Court. If and when that matter is presented to us, we may then properly pass upon the merits. For that reason the appeal is dismissed.

APPEAL DISMISSED.