IN RE INTEREST OF DENNIS J. AANDAHL.
DENNIS J. AANDAHL, APPELLANT, V. LANCASTER COUNTY
MENTAL HEALTH BOARD, APPELLEE.
363 N.W.2d 392

Filed March 1, 1985.   No. 84-550.

Dennis R. Keefe, Lancaster County Public Defender, and Michael D. Gooch, for appellant.

No appearance for appellee.

BOSLAUGH, HASTINGS, CAPORALE, and SHANAHAN, JJ., and COLWELL, D.J., Retired.

HASTINGS, J.

Pursuant to the October 28, 1983, order of the Lancaster County Mental Health Board, the appellant was found to be a mentally ill dangerous person under the provisions of the Nebraska Mental Health Commitment Act, Neb. Rev. Stat. §§ 83-1001 et seq. (Reissue 1981), and was committed to the Nebraska Department of Public Institutions for treatment. That order was appealed to the district court for Lancaster County, which dismissed the appeal as moot. The appellant has appealed to this court, claiming error on the part of the district court in dismissing his appeal. We agree.

Section 83-1043 requires the district court to review appeals from the mental health board de novo on the record, and this court to hear appeals from the district court in accordance with criminal procedure.

An appellate court, in this case the district court, may decline to express an opinion on a mere abstraction or to determine a moot case. *City of Crete v. County of Saline*, 214 Neb. 200, 332 N.W.2d 926 (1983).

The only information in the record suggesting that the issue in this case was moot is a portion of the individualized treatment plan prepared for the appellant pursuant to an earlier 1983 voluntary commitment. That plan was dated November 8, 1983. The pertinent part of the plan states as follows:

> II. DISCHARGE PLAN: 1) Return to community [to] live possibly ILP 2) Finances, employ 3) After care CMHCLC, 4) Activity Day Tx or employment.
> Criteria For Discharge:
> 1  follow through with scheduled programing for 2 months
> 2  meet treatment goals & objectives

It should be noted at this point, however, that the appellant went on unauthorized leave from his voluntary commitment during the latter part of October 1983. He was then arrested on October 27, 1983, by virtue of a warrant of arrest issued on the basis of a petition filed with the Lancaster County Mental Health Board. It was on the foundation of that petition that the present involuntary commitment was ordered.

Although no reason for a finding of mootness appears in the district court's order, apparently the quoted portion of the individualized treatment plan was interpreted as indicating that a final determination had been made for the appellant's release. It does not support such an inference.

The appellant is entitled to a de novo review by the district court of the correctness of his commitment.

The judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.