Eugene VISLISEL, Plaintiff-Appellant,

v.

BOARD OF ADJUSTMENT OF CEDAR RAPIDS, Iowa, and Cedar Rapids, Iowa, et al., A Municipal Corporation, Defendants-Appellees.

No. 84–829.

Court of Appeals of Iowa.

May 28, 1985.

Eugene Vislisel, pro se.

David P. McManus, Asst. City Atty., Cedar Rapids, for defendants-appellees.

Considered by SNELL, P.J., and HAYDEN and SACKETT, JJ.

SACKETT, Judge.

In 1981, Plaintiff Eugene Vislisel appealed a decision of the Cedar Rapids Zoning Administrator to the Cedar Rapids Board of Adjustment. The administrator had ruled that Mary Doyle was operating a real estate office from her home at 600–19th St., S.E., in Cedar Rapids and that the use was proper as a "home occupation" exception under the city zoning ordinance. That decision was affirmed by the board and ultimately by the district court. On appeal to this court, however, the decision was reversed and remanded for a redetermination under the applicable zoning ordinance.

In October of 1983, the board conducted a rehearing as directed, with testimony from both Doyle and the administrator to the facts existing at the time of the 1981 hearing. Doyle also related she had moved since the first hearing. Following the presentation of evidence, the board once again denied plaintiff's appeal. The district court dismissed plaintiff's petition for a writ of certiorari on the basis that Doyle's move had rendered the issue moot.

On appeal, three issues are raised by the parties: (1) whether this action has become moot because Mary Doyle has changed her residence, (2) whether plaintiff has standing to bring this action, and (3) whether the decision of the Board of Adjustment is supported by substantial evidence through the application of correct legal standards. We affirm the decision of the Board of Adjustment and the district court.

Since the time of the prior remand, Mary Doyle had moved to another residence in Cedar Rapids. Defendant contends plaintiff's appeal and this action are therefore moot and the trial court's dismissal was correct.

■ An action is moot where it no longer is a justiciable controversy because the issues on which it was based are nonexistent.

*Women Aware v. Reagen,* 331 N.W.2d 88, 92 (Iowa 1983). The test is whether an opinion rendered would be of any force and effect in the controversy. *Id.* Even though Mary Doyle has moved and is no longer operating the real estate business at the 19th Street residence, the facts are appropriate to trigger our public interest exception to the mootness rule.

■ The criteria to consider in determining the requisite public interest are:
(1) the public or private nature of the question presented,
(2) desirability of an authoritative adjudication for future guidance of public officials, and
(3) likelihood of future recurrence of the same or similar problem.

*Bd. of Directors of Indep. School Dist. of Waterloo v. Green,* 259 Iowa 1260, 1265, 147 N.W.2d 854, 856 (Iowa 1967). Both publicly and privately, interest still exists. Doyle has moved to another residence in the same city and may be operating a real estate business there. She may move back to the 19th Street address and start her business again. *See Roe v. Wade,* 410 U.S. 113, 125, 93 S.Ct. 705, 35 L.Ed.2d 147, 161 (1973) (justification for nonmootness is "capable of repetition, yet evading review"). It is highly likely not only Doyle but another person may open a similar business in his or her home. Plaintiff himself had considered a home real estate business some years prior.

There is a need for an answer in this situation to grant authoritative guidance to the Board of Adjustment now and in the future—both as to its standard of review and interpretation of the zoning ordinance.

This action and appeal have not been mooted by Doyle's change of residence. We therefore address the parties' other claims.

■ Defendants once again assert their argument that plaintiff has no standing to bring this action because he lives across town and suffers no harm from Doyle's alleged misuse of her property. We addressed this issue in the first appeal and no

further comment is necessary. *See Vislisel v. Bd. of Adjustment of Cedar Rapids,* 339 N.W.2d 169 (Iowa Ct.App.1983). Petitioner has adequate standing.

Finally we consider whether the decision of the Board of Adjustment is supported by substantial evidence and the application of correct legal standards.

The function of the Board in this case is:

1. To hear and decide appeals where it is alleged there is error in any order, requirement, decision, or determination made by an administrative official in the enforcement of this chapter or of any ordinance adopted pursuant thereto.

Iowa Code § 414.12. In 1981, the Zoning Administrator determined that Mary Doyle's use of her property was a home occupation under section 32.14 of the Cedar Rapids Zoning Ordinance.

In our prior order for remand, we stated: We do not believe the court applied the correct legal standards in this case. Neither the court nor the board considered the allegations and the evidence specifically in light of the applicable ordinance provisions. Accordingly, we remand this case to the trial court for a redetermination, under the applicable ordinance provisions, of whether the board applied incorrect principles of law or otherwise acted illegally.

*Vislisel,* 339 N.W.2d 169. The trial court subsequently remanded to the board and another hearing was conducted. Plaintiff now argues the second hearing was improper because the order was for a redetermination not a rehearing.

Special problems are inherent in an order to a regulatory body to redetermine a decision. The first hearing was in April of 1981; the time of the redetermination was October of 1983. Two years had elapsed and one member of the board had been replaced. A complete transcript of the board proceedings was not available; Iowa Code section 414.9 requires only minutes of proceedings and records of examinations and official actions.

■ The board heard evidence taken at the original hearing and retold by Mary Doyle. The only new evidence heard was that Doyle had moved from the 19th Street residence and that Chapter 32 of the Zoning Ordinance which dealt with home occupation advertising had been amended. The evidence of Doyle's move did not prejudice plaintiff, since we determined plaintiff's action was not mooted by that move. Evidence of the zoning ordinance change we discuss later. We find the board's conduction of the second hearing was proper and the only way they could make a redetermination under the circumstances.

Section 32.14(b) of the Cedar Rapids Zoning Ordinance lists eleven limitations on home occupation activities. Doyle testified her business complied with all the limitations and that testimony was not disputed.

■ On appeal, plaintiff challenges the second limitation which requires:

2. The activity shall be conducted entirely within the principal dwelling unit or in a permitted accessory building.

He argues that Doyle's business is not conducted entirely within her residence since she must go out to show buildings and arrange financing. Plaintiff misconstrues the purpose of this limitation. We must keep in mind that the purpose of zoning is to maintain the residential flavor of the neighborhood. Clearly the ordinance here contemplates conducting home occupations between the exterior of the home and the lot lines which would be visible from the exterior. Doyle's home showed no outward appearance a business was being conducted within.

Plaintiff likewise challenges the limitation that:

10. There shall be no off-premise signs, radio, television, newspaper, handbill, or similar types of advertisement, linking the premises with the home occupation.

We find it unnecessary to determine whether Doyle's advertising in the yellow pages is prohibited by this section since this restriction was repealed prior to the filing of petitioner's original appeal. Cedar Rapids, Iowa, Ordinance 92–79 (Oct. 17, 1979).

■ Section 32.14(c)(1)(A) permits certain home occupations, including:

Facilities used by a physician, surgeon, dentist, lawyer, clergyman, or other *professional* person, for emergency consultation or treatment, but not for *the general practice* of their *profession.*

The supreme court recently held that realtors fall in the classification of professional persons, *see Menzel v. Morse,* 362 N.W.2d 465, (Iowa 1985); Doyle's use of her home for calls and contacts with clients would be the same type of consultation use contemplated by this provision.

■ In section 32.14(d), the ordinance specifically prohibits certain uses, such as barber and beauty shops and automobile repair shops, but real estate offices are not listed.

The board provided written findings of its decision on October 10, 1983. In light of those findings discussed here, we find that decision was based on substantial evidence and application of correct legal standards.

AFFIRMED.