LYLE KOENIG ET AL., APPELLANTS AND CROSS-APPELLEES, V.
SOUTHEAST COMMUNITY COLLEGE, A POLITICAL SUBDIVISION, ET
AL., APPELLEES AND CROSS-APPELLANTS.

438 N.W.2d 791

Filed April 27, 1989. No. 86-709.

J. David Thurber and John R. Doyle, of Doyle & Doyle Law
Office, for appellants.

Douglas L. Curry and Linda W. Rohman, of Erickson &
Sederstrom, P.C., for appellees.

HASTINGS, C.J., GRANT, and FAHRNBRUCH, JJ., and HENDRIX
and OLBERDING, D. JJ.

HENDRIX, D.J.

The plaintiffs, Lyle Koenig, Ron Starr, Lyle Altman, and Kim Telecky, appeal from an order of the district court for Lancaster County, Nebraska, denying injunction and declaratory relief. The defendants, Southeast Community College, Robert Eicher, president of Southeast Community College, and the Southeast Community College Board of Governors, cross-appeal as to the court's failure to sustain their demurrer to the amended petition. Because we order plaintiffs' appeal dismissed as moot, we need not deal with defendants' cross-appeal.

At issue are two resolutions passed by the Southeast Community College Board of Governors on April 26, 1986. The resolutions authorized the closure of the Fairbury campus, which had offered primarily academic programs, and further authorized the expenditure of funds necessary to transfer the programs to the Beatrice campus, which had previously offered primarily technical programs. At the time the action was brought, the defendants had started to reallocate space, renovate existing buildings, install equipment, and otherwise expend funds at the Beatrice campus. A temporary restraining order was issued. Trial was held on plaintiffs' request for a preliminary injunction on June 19, 20, and 24, 1986. At the conclusion of the hearing, the court denied the temporary injunction. A trial on the merits was held on July 14, 1986, the evidence consisting principally of the evidence presented at the hearing on temporary injunction, which was admitted by stipulation. The trial court rendered judgment for the defendants, determining (1) the resolutions were within the authority of the board of governors, (2) adoption of plans and letting of bids were not required, and (3) the fact that two members of the Southeast Community College Board of Governors were also members of the Southeast Community College Educational Foundation did not void the resolutions.

The defendants claim, among other things, that the issues are now moot because the actions objected to have been taken, the Fairbury campus closed and moved to the Beatrice campus, space reallocated, buildings renovated, equipment installed, and expenditures made. We will examine this threshold claim

first, since its resolution may be determinative of the cause in this court.

At the time of trial, the disputed resolutions were implemented only to a small degree. No supersedeas was requested or granted. At the time the matter was presented to this court, the resolutions had been fully implemented. Plaintiffs stated in their brief, "The closing and improvements at issue were decided upon and carried out . . . ." Brief for appellants at 30. The defendants stated in their brief, "[T]he actions the Appellants sought to restrain have been accomplished." Brief for appellees at 9. This court may consider agreed circumstances presented to it in brief or argument. An appeal by the plaintiff may be dismissed where, during its pendency, without any fault of the defendant, an event occurs to prevent the appellate court from granting plaintiff any effectual relief in case of a decision in his favor, and an event of that nature may be shown by extrinsic evidence.

In *City of Crete v. County of Saline*, 214 Neb. 200, 201, 332 N.W.2d 926, 927 (1983), this court said:

> During the course of oral argument before this court, the parties advised the court that in 1982, and subsequent to the filing of this suit, the county withdrew its designation of the land as an industrial area. . . . It is apparent from the statements made to this court that the issues involved in the instant case have now become moot and this court is without the ability to grant any relief to the city other than to render an advisory opinion.

At the heart of this action is the request for an injunction. The purpose of an injunction is the restraint of actions which have not yet been taken. Remedy by injunction is generally preventative, prohibitory, or protective, and equity will not usually issue an injunction when the act complained of has been committed and the injury has been done. *Propst v. Board of Educational Lands and Funds*, 156 Neb. 226, 55 N.W.2d 653 (1952); *Conrad v. Kaup*, 137 Neb. 900, 291 N.W. 687 (1940). In this case the matter is fait accompli, and the action has been taken. No court could now prohibit what has already taken place, nor is it likely that any court would restore the situation as it existed prior to the passage of the resolutions. As to

injunction, the case has become moot.

Separate inquiry must be made to determine whether the declaratory judgment prayer has also been rendered moot. *Super Tire Engineering Co. v. McCorkle*, 416 U.S. 115, 94 S. Ct. 1694, 40 L. Ed. 2d 1 (1974). The inability of the court to grant the injunction which the plaintiffs sought does not, by itself, render the declaratory action moot as well. *Mullendore v. School Dist. No. 1*, 223 Neb. 28, 388 N.W.2d 93 (1986). As in any other lawsuit, a declaratory judgment action becomes moot when the issues initially presented in the proceedings no longer exist or the parties lack a legally cognizable interest in the outcome of the action. The Uniform Declaratory Judgments Act, Neb. Rev. Stat. §§ 25-21,149 et seq. (Reissue 1985), is available when a present actual controversy exists and all interested persons are parties to the proceedings, and then only when a justiciable issue exists for resolution. *Mullendore v. Nuernberger*, 230 Neb. 921, 434 N.W.2d 511 (1989). In order to grant declaratory relief, there must be a justiciable issue. A justiciable issue requires a present, substantial controversy between parties having adverse legal interests susceptible to immediate resolution and capable of present judicial enforcement. *Ellis v. County of Scotts Bluff*, 210 Neb. 495, 315 N.W.2d 451 (1982). At this stage of the litigation, judicial enforcement of any decree attempting to eliminate the reallocations, renovations, installations, expenditures, and transfer would be impossible. A declaratory judgment could no more prohibit what has taken place than could an injunction. The case is moot as to declaratory judgment as well as to injunction.

There is an exception to the general rule regarding moot questions which should be examined. That exception applies to cases involving matters of public interest. See, *Braesch v. DePasquale*, 200 Neb. 726, 265 N.W.2d 842 (1978), *cert. denied* 439 U.S. 1068, 99 S. Ct. 836, 59 L. Ed. 2d 34 (1979); *State ex rel. Bouc v. School Dist. of City of Lincoln*, 211 Neb. 731, 320 N.W.2d 472 (1982); *Williams v. Hjorth*, 230 Neb. 97, 430 N.W.2d 52 (1988). Appellate courts do not sit to give opinions on moot questions, and an appeal will ordinarily be dismissed where no actual controversy exists between the parties at the

time of the hearing. This general rule, however, does not necessarily apply to appeals or error proceedings involving matters of public interest. It is evident from the above cases, however, that the public interest required for the exception is not only public interest in the case at issue, but also public interest in the rules promulgated. The exception has not been invoked in cases which involve public matters but which do not involve a situation common with the public or its institutions generally. See, *City of Crete v. County of Saline*, 214 Neb. 200, 332 N.W.2d 926 (1983); *Henderson v. School Dist. of Scottsbluff*, 184 Neb. 858, 173 N.W.2d 32 (1969). The public interest exception to the rule precluding consideration of issues on appeal due to mootness requires a consideration of the public or private nature of the question presented, desirability of an authoritative adjudication for future guidance of public officials, and the likelihood of future recurrence of the same or a similar problem. *Vislisel v. Bd. of Adjustment of Cedar Rapids*, 372 N.W.2d 316 (Iowa App. 1985).

In this case there is presented a unique circumstance pertaining only to the particular institutions involved. The likelihood of a similar situation arising at any institution is remote. This is not the kind of case intended to be removed from the general rule regarding the determination of moot questions. The general rule should apply.

In view of the conclusion that the case is moot, the appeal should be dismissed.

APPEAL DISMISSED.