L.G.P., INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD R.G., APPELLANT, V. NEBRASKA DEPARTMENT OF SOCIAL SERVICES ET AL., APPELLEES.

477 N.W.2d 571

Filed December 6, 1991.    No. 90-910.

Connie Kearney for appellant.

Don Stenberg, Attorney General, and Royce N. Harper for appellees.

James S. Jansen, Douglas County Attorney, and Elizabeth G. Crnkovich, and Thomas M. Kenney, Douglas County Public Defender, and Regina T. Makaitis, amici curiae.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

L.G.P., appellant, is the mother of R.G., born November 12, 1989. On August 10, 1990, appellant took R.G. and her sister to a day-care home, leaving two other small children at home alone. Authorities, alerted to the possibility that R.G. was endangered in her current surroundings through reports of bruising under her eyes on at least two occasions, took all four of appellant's children into custody.

Appellant returned home approximately 3 hours later to find a handwritten note signed by a police officer tagged to the door. The note stated that the children had been taken into protective custody and listed a phone number to call for further information.

On August 13, appellant filed a petition for writ of habeas corpus in the district court for Douglas County. A hearing was set for 3 days later. The district court determined at the hearing only that due process had been accorded appellant in the removal of her children, and ordered the county attorney to file a petition regarding R.G. in the separate juvenile court. The

district court made no determination as to the evidence regarding abuse or neglect, nor did it inquire into the best interests of the child. L.G.P. appeals that decision.

Appellant assigns that the district court erred in (1) denying her petition for writ of habeas corpus; (2) failing to find the ex parte order of the separate juvenile court invalid; (3) failing to find that she was denied due process; (4) failing to find Neb. Rev. Stat. §§ 43-253, 43-255, 43-256, and 43-275 (Reissue 1988) unconstitutional insofar as these sections apply to dependent children; (5) failing to find that reasonable efforts were not made to keep the child in the home, pursuant to Neb. Rev. Stat. § 43-254 (Reissue 1988); (6) failing to find that the child was not placed in the least restrictive environment, as required by Neb. Rev. Stat. § 43-250 (Reissue 1988); (7) failing to find that the minor child was not in imminent danger and that the child's removal, without a warrant, was unlawful and violated appellant's right to due process of law; and (8) failing to find that the child was unlawfully detained pursuant to a county attorney's "hold."

This is the second appearance of this case in this court, and with the exception of those issues surrounding the denial of the petition for writ of habeas corpus, we have previously considered and decided all other assignments of error in *In re Interest of R.G.*, 238 Neb. 405, 470 N.W.2d 780 (1991).

As to the appropriateness of the district court's denial of appellant's petition for writ of habeas corpus, we affirm. As we held in *In re Interest of R.G., supra*, appellant was afforded due process in the juvenile court.

A decision in a habeas corpus case involving the custody of a child is reviewed by this court de novo on the record. *Yopp v. Batt*, 237 Neb. 779, 467 N.W.2d 868 (1991); *Gaughan v. Gilliam*, 224 Neb. 836, 401 N.W.2d 687 (1987).

The remaining question present in every habeas corpus case is the best interests of the child. *Reynolds v. Green*, 232 Neb. 60, 439 N.W.2d 486 (1989).

Proceedings in habeas corpus to obtain the custody of a child are governed by considerations of expediency and equity and should not be bound by technical rules. *McCormick v. State*, 218 Neb. 338, 354 N.W.2d 160 (1984).

Pursuant to Neb. Rev. Stat. § 43-245(3) (Cum. Supp. 1990), nothing in the Nebraska Juvenile Code shall be construed to deprive the district courts of, inter alia, their habeas corpus jurisdiction. The district court's denial of the petition was proper, even absent production of findings regarding the best interests of the child, as the court may, and appropriately did, defer to the judgment of the juvenile court on that issue.

The assignments of error are without merit, and we therefore affirm.

AFFIRMED.