CAROL ACKERMAN, APPELLANT, V. JOSEPH NANFITO, DISTRICT ADMINISTRATOR, STATE DEPARTMENT OF SOCIAL SERVICES, APPELLEE.

510 N.W.2d 333

Filed March 23, 1993.    No. A-92-404.

Daniel W. Ryberg for appellant.

James S. Jansen, Douglas County Attorney, and Elizabeth

G. Crnkovich for appellee.

SIEVERS, Chief Judge, and CONNOLLY and WRIGHT, Judges.

CONNOLLY, Judge.

## INTRODUCTION

This appeal arises from the appellant's unsuccessful attempt to obtain custody of her two children by filing a habeas corpus action in district court. The children had been placed in the protective custody of the State pursuant to a court order for immediate custody. The habeas corpus petition was served on the appellee, a hearing was held, and the appellant's application for habeas corpus relief was denied. We reverse.

## FACTS

On April 10, 1992, the Douglas County Attorney's office (hereinafter State) filed a motion in the separate juvenile court of Douglas County seeking temporary custody of Jason and Becky Ackerman, ages 13 and 10, based on an "immediate and urgent" need to protect the children from their adoptive father, Ronald Ackerman. At the time the motion was filed, the children were living at home with Ronald and the appellant, Carol Ackerman, their natural mother. The motion was supported by an affidavit in which the State claimed that (1) Ronald had a history of sexual offenses against children and had been arrested in March 1992 for sexually assaulting a child (a friend of Jason's) in the Ackerman home and (2) the safety and welfare of the Ackerman children could not be assured. The juvenile court issued an order placing the Ackerman children in the immediate custody of the Nebraska Department of Social Services. The children were removed from the Ackerman home at 2 p.m. on April 10.

On April 14, Carol filed a petition in Douglas County District Court alleging that her children were being held illegally. She sought a writ of habeas corpus requiring the department to appear in district court and show cause why the Ackerman children should not be released to her. That same day, the district court had the habeas corpus petition served on the department and ordered the department to appear before the court on April 17.

Meanwhile, also on April 14, the State filed a petition in juvenile court pursuant to Neb. Rev. Stat. § 43-274 (Reissue 1988), alleging that the Ackerman children lacked proper parental care under Neb. Rev. Stat. § 43-247(3)(a) (Reissue 1988). A juvenile court hearing was scheduled for April 21. At the April 17 hearing in district court on Carol's habeas corpus action, the State conceded that the § 43-274 petition had been filed more than 48 hours after the seizure of the Ackerman children on April 10.

The district court denied Carol's application for habeas corpus relief. The court found, inter alia, that the State's § 43-274 petition of April 14 "was filed within 'forty-eight hours after . . . the placement order . . . excluding non-judicial days' as required by [Neb. Rev. Stat. § 43-255 (Reissue 1988)]." The record does not indicate the outcome of the April 21 custody hearing in juvenile court.

## ASSIGNMENT OF ERROR

Among Carol's eight assignments of error is the following: The district court erred in finding that the State had complied with the 48-hour filing requirement in § 43-255. We limit our analysis to this assignment of error because it is dispositive of the case.

## STANDARD OF REVIEW

A decision in a habeas corpus case involving the custody of a child is reviewed by an appellate court de novo on the record. *L.G.P. v. Nebraska Dept. of Soc. Servs.*, 239 Neb. 644, 477 N.W.2d 571 (1991).

## ANALYSIS

Section 43-255 states, inter alia, that a juvenile shall be released unconditionally within 48 hours after a placement order, excluding nonjudicial days, unless within that time period a petition has been filed pursuant to § 43-274. This provision applies "[w]henever a juvenile is detained or placed under the provisions of section 43-253 or 43-254." § 43-255.

Neb. Rev. Stat. § 43-253 (Reissue 1988) pertains to cases in which a juvenile has been taken into custody by an officer of the peace without a warrant or court order. See, § 43-253 and Neb.

Rev. Stat. §§ 43-248 and 43-250 (Reissue 1988). Under Neb. Rev. Stat. § 43-254 (Reissue 1988), "[p]ending the adjudication of *any* case, if it appears that the need for placement or further detention exists, the juvenile may be . . . placed or detained a reasonable period of time" with an appropriate person or institution. (Emphasis supplied.) The Ackerman children were taken into temporary custody pursuant to a court order, so the appeal now before us involves a § 43-254 case, which is controlled by the time requirements in § 43-255. Section 43-255 establishes 48 hours as the period of time within which the State must file a § 43-274 petition for continued custody. Thus, to retain extended custody of the Ackerman children, the State had to file a § 43-274 petition within 48 hours of the issuance of the court order of April 10.

In the case before us, the record does not indicate the time of day the placement order was issued, but from examination of the record, we determine that the order had to have been issued sometime before 2 p.m. on April 10, the time the Ackerman children were removed from their home. April 10 was a Friday. Allowing for the nonjudicial days of Saturday, April 11, and Sunday, April 12, the State's deadline for filing the § 43-274 petition was Tuesday, April 14, at the same time of day (sometime before 2 p.m.) the placement order had been issued on April 10.

On appellate review, our task of determining whether the State complied with the 48-hour provision is made difficult by the juvenile court's failure to record the time of day the placement order was issued on April 10 and the time of day the § 43-274 petition was filed on April 14. However, the State conceded at the April 17 hearing that it had failed to file the petition within the required 48 hours. Assuming, arguendo, that the State properly took custody of the Ackerman children on April 10, the State's right to retain custody for more than 48 hours could be preserved only by the timely filing of a § 43-274 petition. By its own admission, the State failed to do so. Therefore, the State's right to retain custody of the Ackerman children expired sometime before 2 p.m. on April 14. The district court should have granted Carol's application for habeas corpus relief and returned the children to her custody on

April 17. Regardless of the outcome of the hearing on April 21, Carol should have had custody of her children from April 17 through April 20. We reverse the judgment of the district court.

## CONCLUSION

Unfortunately, we cannot turn the clock back 11 months and restore to Carol possession of her children from April 17 to April 21. Carol urges us to award attorney fees, but there is no authorization in the juvenile code for such an award. In the alternative, Carol urges us to award hourly compensation for deprivation of parental rights from April 17 to April 21. Such a remedy is beyond the scope of this cause of action. Carol also asserts that "[t]here is no deterrence [of the State's faulty procedural practices] unless there is a penalty." Brief for appellant at 35. We do not share Carol's cynicism. We presume that the State will read this opinion and in the future conform to the custody procedures set out in the juvenile code.

It is that concern for future adherence to statutory procedures by the State that makes this case an exception to the rule that a case is moot if it does not involve legal rights capable of present judicial enforcement. See *Koenig v. Southeast Community College*, 231 Neb. 923, 438 N.W.2d 791 (1989). The record indicates that the question of permanent custody of the Ackerman children should have been resolved on April 21, 1992. That would seem to make this appeal moot. As a result of the April 21 hearing, either the State or Carol now has possession of the children, and this decision will not change that reality.

A decision is necessary in this case because the procedural question raised in this appeal is subject to being repeated, yet evading review, and it involves a matter of paramount public interest—the seizure of a person's children by the State. A person in Carol's position seeking a writ of habeas corpus for possession of her children while a hearing on permanent custody is pending will never be able to get her petition heard and reviewed quickly enough to make the result meaningful to her. In that sense, such cases will always be moot. However, in *Williams v. Hjorth*, 230 Neb. 97, 98-99, 430 N.W.2d 52, 53 (1988), the Nebraska Supreme Court observed that

[i]n the context of good time credit for presentence confinement when sentenced to a county jail term, because confinement is necessarily 1 year or less, no case could reach this court for review before it became moot. Additionally, the issues involved in this action . . . affect all county jails in the state. Therefore, this appeal must be decided on the merits under the public interest exception to the mootness doctrine:

We apply the same rationale in this case. Though we cannot retroactively enforce Carol's legal right to possession of her children from April 17 to April 21, 1992, the public interest in having the State abide by the proper procedures in the future when taking children from their parents requires a decision on the procedural question raised in this appeal.

REVERSED.