STATE OF NEBRASKA, APPELLEE,
V. DOUGLAS E. MILLER, APPELLANT.

574 N.W. 2d 519

Filed January 13, 1998.   No. A-97-304.

Dennis R. Keefe, Lancaster County Public Defender, and Scott P. Helvie for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

HANNON, IRWIN, and INBODY, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Douglas E. Miller appeals from the district court's affirmance of the county court's denial of his "Petition for Relief in a Separate Proceeding/Petition to Set Aside Conviction," in which Miller sought to have the county court set aside a 1991 conviction for third-offense driving under the influence of alcohol (DUI). In affirming the county court's denial, the district court noted that Miller's petition constituted an attempted col-

lateral attack on a prior conviction which the State sought to use as an element of a subsequent offense, driving under suspension (DUS), and was based on the lack of colloquy mandated by *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), concerning his right to a jury trial. The district court affirmed the action of the county court, relying on the guidance of the Nebraska Supreme Court in *State v. Lee*, 251 Neb. 661, 558 N.W.2d 571 (1997). On appeal, Miller asserts that he was entitled to have the prior conviction set aside as a form of post-conviction relief. For the reasons stated herein, we affirm.

## II. BACKGROUND

In April 1991, Miller was cited for third-offense DUI and for DUS. Miller initially pled not guilty to both charges on April 23. On July 17, Miller pled guilty to the underlying DUI charge, and upon motion of the State, the DUS charge was dismissed. A sentence enhancement hearing was held on June 26, 1992, at which time Miller was adjudged guilty of third-offense DUI. Miller was sentenced to 90 days' incarceration, was fined $500 and costs, and had his driver's license suspended for a period of 15 years.

In 1996, Miller was charged by information with DUS, for operating a motor vehicle during the term of his 15-year license suspension from the 1991 DUI conviction. Pursuant to Neb. Rev. Stat. § 60-6,196(6) (Reissue 1993), the State was required to prove, as an element of the DUS case, that Miller's license had been suspended for 15 years pursuant to the statute. In an effort to prevent the State from being able to prove this element, Miller filed a petition on September 11 captioned "Petition for Relief in a Separate Proceeding/Petition to Set Aside Conviction." In the petition, Miller asserted that the State was attempting to prosecute him for DUS based on the 1991 DUI conviction and alleged that the 1991 conviction was invalid because he had not been advised prior to his plea that he was entitled to a trial by jury, a right which was enunciated by the Eighth Circuit Court of Appeals in the case *Richter v. Fairbanks*, 903 F.2d 1202 (8th Cir. 1990), and the Supreme Court in the case *State v. Wiltshire*, 241 Neb. 817, 491 N.W.2d 324 (1992).

The record of arguments made at the hearing on Miller's petition establishes that he argued essentially that he was entitled to bring a special proceeding to challenge the prior conviction and that the prior conviction should be set aside as being void because he had not been advised of his right to a jury trial prior to entering a guilty plea. After hearing argument and receiving exhibits, the county court noted in a journal entry on October 7, 1996, "Petition denied." Miller appealed the county court's decision to the district court, where he again argued that the conviction could be set aside in the special proceeding which he had brought before the county court. The district court affirmed the county court's ruling on February 18, 1997. The district court found that Miller was attempting to bring a collateral attack against the prior conviction which the State was seeking to use as an element of the subsequent DUS charge " 'based on the lack of *Boykin*-type colloquy.' " Miller brings this appeal from the district court's affirmance of the county court's denial.

## III. ASSIGNMENT OF ERROR

On appeal, Miller has assigned four errors, which can be distilled for discussion to one basic allegation: The lower courts erred in failing to grant him the relief requested in his petition, namely setting aside the 1991 DUI conviction as constitutionally infirm.

## IV. ANALYSIS

### 1. SEPARATE PROCEEDING RELIEF

We initially note that, both by the caption and by the substance of Miller's petition, as well as by a careful reading of the record made in the courts below, it is apparent that this case was presented to the lower courts primarily, if not entirely, as a "separate proceeding" to set aside a prior conviction. In Miller's petition, he asserts that the State is attempting to use the 1991 conviction "as a foundation for a criminal charge of driving under suspension, 15 year suspension," in violation of § 60-6,196. Because he was not advised of his right to a jury trial prior to entering his plea in the 1991 DUI case, Miller asserts, he is in danger of being unlawfully deprived of his liberty if convicted of the DUS charge. In his arguments before the

county court, Miller argued that his petition was "a Motion for Relief in a Separate Proceeding" and argued that *State v. LeGrand*, 249 Neb. 1, 541 N.W.2d 380 (1995), which was a separate proceeding case, supported his position. Miller argued the same basic points in his appeal to the district court.

As noted above, the district court ruled that Miller's petition constituted an improper attempt to bring a collateral attack against a prior conviction which the State is seeking to use as a material element of a subsequent offense, in this case a new DUS charge. The district court cited the Supreme Court's opinion in *State v. Lee*, 251 Neb. 661, 558 N.W.2d 571 (1997), to support its determination that the county court properly denied the petition. In *Lee*, the court held that a defendant's challenge of a prior plea-based conviction on the basis of lack of a *Boykin*-type colloquy, rather than on the basis that the record fails to demonstrate the presence of counsel on the defendant's behalf, constitutes a collateral attack on the prior judgment.

The Supreme Court in *Lee* noted that the defendant could have brought a direct appeal to seek review of the prior DUI conviction, but had failed to do so. The court further recognized that a limited right to mount *Boykin*-type challenges to prior offenses was provided in *State v. LeGrand, supra*, but the court held that proceedings such as those in *LeGrand* are not appropriate in the context of a defendant's seeking to challenge a prior conviction on *Boykin*-type grounds, where the State is seeking to use the prior plea-based conviction as a material element of a subsequent offense. See *State v. Lee, supra*. The court noted the strong differences between enhancement and recidivist proceedings, and proceedings where the prior conviction is an essential element. See *id*. The court held that in the latter category of cases, county and district courts lack jurisdiction to consider the merits of alleged invalidity of prior convictions, because the collateral attack is impermissible. See *id*. "A collateral attack based on *Boykin*, if it may be made at all, must be raised in a separate proceeding commenced expressly for the purpose of setting aside the prior conviction." *Id*. at 666, 558 N.W.2d at 575.

In the present case, the State alleges that we are without jurisdiction to hear the merits of Miller's appeal because under

the holding in *State v. Lee, supra*, the lower courts were without jurisdiction to hear the merits of the case. See, *Richdale Dev. Co. v. McNeil Co.*, 244 Neb. 694, 508 N.W.2d 853 (1993); *Riley v. State*, 244 Neb. 250, 506 N.W.2d 45 (1993); *Sports Courts of Omaha v. Meginnis*, 242 Neb. 768, 497 N.W.2d 38 (1993); *State v. Miller*, 240 Neb. 297, 481 N.W.2d 580 (1992) (where trial court lacks power or jurisdiction to adjudicate merits of claim, appellate court also lacks power to determine merits of claim). In his brief, Miller concedes that "the Petition for Relief in a Separate Proceeding is likely precluded" by *State v. Lee, supra*. Brief for appellant at 18. Because of the Supreme Court's holding in *Lee*, we agree. To this extent, the lower courts committed no error in denying Miller's petition for relief.

## 2. POSTCONVICTION RELIEF

On appeal, Miller asserts that, despite the fact that his petition for separate proceeding relief is precluded by *State v. Lee, supra*, nonetheless he is entitled to relief and is entitled to have the conviction set aside as a form of postconviction relief. Miller appears to be asserting that his petition was really *both* a petition for separate proceeding *and* a petition for postconviction relief. In support of this argument, Miller asserts that he requested the lower court to "set aside" the prior conviction and that the petition should, therefore, be construed also as a petition for postconviction relief.

As noted above, it appears to us that this case was presented to the lower courts primarily, if not entirely, as a separate proceeding, and there is no indication in the record that the parties or the lower courts discussed, argued, or considered the possibility that Miller was seeking postconviction relief in addition to separate proceeding relief. Nonetheless, our reading of the petition itself reveals that, given a liberal reading, it is not beyond possibility that it could be read to state a claim for postconviction relief, even if such claim is asserted inartfully. As such, in the interest of a full discussion, we will consider whether Miller could be entitled to postconviction relief on his claim concerning advisement of his right to a jury trial for the 1991 DUI charge and then, if necessary, the implications of such a right where, as here, it appears that the parties and the courts below did not consider the case in such a light.

(a) Requirements for Postconviction Relief

■ A defendant's right to postconviction relief arises from Neb. Rev. Stat. § 29-3001 et seq. (Reissue 1995). Section 29-3001 provides, in pertinent part:

A prisoner *in custody under sentence* and claiming a right to be released on the ground that there was such a denial or infringement of the rights of the prisoner *as to render the judgment void or voidable under the Constitution* of this state or the Constitution of the United States, may file *a verified motion* at any time in the court which imposed such sentence, stating the grounds relied upon, and asking the court to vacate or set aside the sentence.

(Emphasis supplied.) As such, three primary requirements are set forth in § 29-3001. A defendant seeking postconviction relief must (1) file a verified motion in the court which imposed the prior sentence, stating the grounds relied upon and asking for relief; (2) be in custody under sentence; and (3) allege a denial or infringement of the defendant's constitutional rights. See § 29-3001.

In the present case, a liberal reading of Miller's verified petition indicates that he alleges an infringement of his constitutional due process rights and his constitutional right to trial by jury. Additionally, Miller asserts that he "is currently suffering the effects [of the prior conviction] for the reason that he is currently suffering from the order of that case that suspended his driver's license for 15 years." Brief for appellant at 20. We conclude that a liberal reading of this language could be construed to result in Miller's having pled that he is, in fact, still "in custody," despite the fact that his actual confinement in jail ended in the latter months of 1991, over 6 years ago.

(b) In Custody

The primary question to be answered, then, is whether the fact that Miller's driver's license was suspended for 15 years and the fact that he is presently serving that 15-year suspension are sufficient to satisfy the "in custody" requirement of § 29-3001. Miller seizes upon the language of this court in the case *State v. McGurk*, 3 Neb. App. 778, 532 N.W.2d 354 (1995), *petition for further review overruled* 248 Neb. xxv, in support of

his argument that suspension of a driver's license is sufficient to satisfy the "in custody" requirement, as well as previous holdings of the Supreme Court to the effect that probation and parole orders constitute "custody" for postconviction proceedings. He urges that this issue was not resolved by the Supreme Court in *State v. Blankenfeld*, 228 Neb. 611, 423 N.W.2d 479 (1988).

In *State v. Styskal*, 242 Neb. 26, 493 N.W.2d 313 (1992), the Supreme Court noted that probation conditions, like parole conditions, impose substantial restraints upon a defendant's freedoms and constitute custody as that term is used in the Nebraska Postconviction Act. Miller argues on appeal that his driver's license suspension constitutes a similar substantial restraint. Indeed, in *State v. McGurk, supra*, this court conceded that driver's license suspensions are serious in nature. In *McGurk*, the defendant filed a postconviction motion while he was still incarcerated. The defendant was, however, no longer incarcerated by the time the motion was heard, decided, and appealed to this court. See *id.* This court noted that the remainder of the defendant's sentence, the 15-year license suspension, was still in effect and proceeded to rule on the merits of the defendant's postconviction motion. See *id.* Ultimately, the lower court's decision denying postconviction relief was affirmed. See *id.*

Although we recognize that the panel of this court which heard the appeal in *McGurk* considered and, ultimately, ruled on the merits of a postconviction issue where the defendant's only remaining claim to "custody" at the time his appeal was decided was his driver's license suspension, we feel compelled to follow the holding of the Supreme Court in *State v. Blankenfeld, supra*. We find the facts of *Blankenfeld* to be remarkably similar to those of the present case, more so than the facts of *McGurk*. In *Blankenfeld*, the defendant was initially charged with DUI and DUS, then pled guilty to the DUI charge, and the State dismissed the DUS charge. The court permanently revoked the defendant's driver's license for the DUI conviction, as well as sentencing him to 6 months' incarceration. See *State v. Blankenfeld, supra*. The defendant completed his jail term and, nearly 1 year after the completion of the jail term, filed a

motion for postconviction relief seeking to have the DUI conviction set aside. See *id.* After discussing at length the difficulties presented by the defendant's lack of clarity in his motion and his appeal, the Supreme Court held that the defendant had not brought himself within "the ambit of § 29-3001 for two reasons: (1) He was not in custody at the time of the filing of the motion in this case, and (2) defendant's rights were not denied or infringed upon in any manner which would [run afoul of the Nebraska or U.S. Constitution]." *State v. Blankenfeld,* 228 Neb. at 616, 423 N.W.2d at 482-83.

We note that importantly, *McGurk,* unlike the present case or *Blankenfeld,* presented the appellate court with a significant matter of public interest which was in serious legal dispute at the time, that is, whether a defendant had a right to a jury trial in a third-offense DUI case. See *State v. McGurk,* 3 Neb. App. 778, 532 N.W.2d 354 (1995), *petition for further review overruled* 248 Neb. xxv. A significant matter of public interest provides an independent justification for addressing the merits of an otherwise moot question. *Koenig v. Southeast Community College,* 231 Neb. 923, 438 N.W.2d 791 (1989).

■ In the present case, Miller is seeking to have a conviction similar to the conviction in *State v. Blankenfeld,* 228 Neb. 611, 423 N.W.2d 479 (1988), set aside, after pleading guilty to the prior DUI charge and having a then-pending DUS charge dismissed by the State. If the defendant in *Blankenfeld* was not considered to be "in custody" for postconviction purposes when his driver's license was *permanently* revoked, we fail to see how we can conclude that a *15-year* suspension renders Miller "in custody." As such, despite the language in *State v. McGurk, supra,* to the contrary, we conclude that a defendant who has already completed any applicable jail term, who is not on probation or parole, and whose sole claim of "custody" arises from a temporary suspension of his driver's license, is not "in custody" so as to fall within the ambit of § 29-3001. See *State v. Blankenfeld, supra.*

### (c) Resolution

Having concluded that Miller is not in custody, we need not further address whether Miller has established a claim for postconviction relief. Similarly, because we have concluded that

Miller is not entitled to seek postconviction relief on this claim, we need not consider the repercussions of his petition's alleging the elements of a postconviction claim but the parties' and lower courts' proceedings being conducted without consideration of such a claim. Because Miller is not in custody, the lower courts would have had no jurisdiction to reach the merits of an allegation for postconviction relief, and we are similarly without jurisdiction to consider the issue further.

### V. CONCLUSION

Miller is precluded from collaterally attacking the 1991 DUI conviction on *Boykin*-type grounds in a separate proceeding, and he is not in custody so as to be eligible for postconviction relief. Accordingly, the ruling of the district court affirming the county court's denial of Miller's petition is hereby affirmed.

AFFIRMED.